IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-CR-064-PLR-HBG-2 |
| LUCKY J. CLARK, | ) ) | 3:20-CR-014-PLR-HBG |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the referral Order of the District Judge [Doc. 72].[1]

Now before the Court are Defendant's Motion for Release from Custody on Conditions of Release Pending Sentencing [Doc. 68] and Amended Motion for Release from Custody [Doc. 69]. The Court held a detention hearing via video conference on June 23, 2020[2], continued the hearing for the United States Probation Office ("USPO") to obtain additional information, and resumed the hearing on June 30, 2020. Attorney Randall Reagan appeared on behalf of Defendant, who was also present via video conference, while Assistant United States Attorney Brent Jones appeared on behalf of the Government.

Ultimately, based upon the evidence proffered at the detention hearing, the Pretrial Services Report (For Detention Hearing Post-Plea/Pre-Sentencing) presented by the USPO, and the arguments of counsel, the Court finds by clear and convincing evidence that conditions may

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in 3:19-CR-64.

[2] Defendant filed a consent to appear by video conference on June 15, 2020. [Doc. 67].

be put in place that will assure Defendant's appearance as required and the safety of the community and others. *See* 18 U.S.C. § 3143(a)(1). Therefore, the Court **RECOMMENDS** that Defendant's motions [Docs. 68, 69 in 3:19-cr-64 and Doc. 6 in 3:20-cr-14] be **GRANTED**.

## I.  BACKGROUND

Defendant was charged [Doc. 3 in 3:19-cr-64] with the possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(a)(6); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and possession in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The Court entered an Order Setting Conditions of Release [Doc. 18] on May 10, 2019. On November 13, 2019, a Petition for Action on Conditions of Pretrial Release [Doc. 47] was filed, alleging that Defendant violated the conditions of his pretrial release after Defendant informed the USPO that he had recently been arrested for driving under the influence, evading arrest, and other misdemeanor traffic offenses. The Petition cites from the Affidavit of Complaint, alleging that on November 3, 2019, law enforcement responded to an individual passed out in a vehicle in the road at 4:35 a.m., removed the subject from the vehicle, and observed Defendant with bloodshot eyes, slurred speech, and a strong odor of alcohol. [*Id.* at 2]. However, before law enforcement could administer field sobriety tests, Defendant fled towards the vehicle, started the vehicle, and drove away from law enforcement. [*Id.*]. Defendant appeared before the undersigned on November 14, 2019, filed a waiver of a waiver of detention [Doc. 49], and the Court subsequently entered an order of detention [Doc. 50].

Defendant was subsequently charged by information on February 10, 2020 with Possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). [Doc. 1 in 3:20-cr-14]. A plea agreement was entered on February 12, 2020 [Doc.

2

58], with Defendant pleading guilty to the charge of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 84l(a)(l) and 84l(b)(l)(D), as well as possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and Defendant entered a change of plea on June 17, 2020 before Magistrate Judge C. Clifford Shirley. [Doc. 70]. Magistrate Judge Shirley filed a report and recommendation for District Judge Reeves on June 17, 2020. [Doc. 71].

Defendant now moves [Doc. 68] for release pending his sentencing, arguing that he has been detained in the Blount County Jail since November 14, 2019, and that his "guideline sentencing range for the offense in the instant cause has been estimated by counsel to be 21-27 months." [*Id.* at 2]. Therefore, Defendant submits that if he "were to be sentenced at the bottom of the guideline range, he would have approximately 12 months of his sentence remaining, after the application of good time credits," and would potentially be eligible to release to home confinement. [*Id.*]. Defendant asserts that conditions of release, including home confinement, would be sufficient to ensure that he would not be a flight risk or a danger to the community. During the hearing, the Government responded that Defendant is not likely to flee, but that his prior violation of the conditions of his pretrial release demonstrates that he would be a danger to the community.

## II.   ANALYSIS

A person's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a), which requires that a person awaiting sentencing be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]"

At the June 23 hearing, defense counsel proffered that Defendant could reside with his girlfriend, Skyy Channell Miller, with Ms. Miller serving as a third-party custodian. Ms. Miller was sworn and stated that she was a nursing supervisor at NHC-Fort Sanders, and that she currently resides by herself at 507 Honeycomb Way, Knoxville, Tennessee. Ms. Miller stated that Defendant could reside with her and that she had flexible hours at her employment. The USPO report establishes that Ms. Miller's landlord added permission on her lease for Defendant to reside at Ms. Miller's residence. Additionally, during the June 30 hearing, defense counsel proposed several, additional conditions, including that Defendant be ordered not to consume alcohol, not be allowed to have visitors at Ms. Miller's residence while she was not present, and that he not be allowed to operate a motor vehicle.

The Bail Reform Act, specifically section 3143(a)(1), generally requires that a person who has been found guilty of an offense and who is awaiting sentencing be detained. 18 U.S.C. § 3143(a)(1); *see also United States v. Bowman*, 98 F.3d 1343 (6th Cir. 1996) (table opinion) ("Release is no longer favored once guilt of a crime has been established." (citing *United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988)). A person subject to detention pursuant to section 3143(a)(1) may, however, be ordered released under appropriate conditions if the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." *Id.* "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c); *see also Bowman*, 98 F.3d 1343 ("Section 3143(a)(1) creates a presumption against release which the defendant must overcome.").

In the present case, Defendant is not facing a lengthy sentence of incarceration, and points to the possibility of a sentence of home confinement if he receives good time credits. Additionally,

he does not have a significant criminal history and did not violate his conditions of release from May 10, 2019 until approximately November 3, 2019. The USPO Report details that while Defendant tested positive for marijuana while on bond for state charges on May 7, 2019, his subsequent drug screens while on federal pretrial release were negative. Defendant has established a suitable third-party custodian and has proposed additional conditions of his release to be instituted pending his sentencing. Lastly, Defendant has been detained at the Blount County Jail since approximately November 14, 2019 due to the violation of his pretrial release. Conversely, as the Court previously detailed, Defendant violated his earlier conditions of pretrial release by driving while intoxicated, and equally troubling, driving away from law enforcement.

It is the Court's opinion that the Defendant, who is twenty-three, is at a true crossroads in his life. Prior to the November 14, 2019 revocation of his pretrial release, the Defendant had not served a period of incarceration. He has now been incarcerated for over seven months. The Defendant testified at the hearing that this incarceration has had a strong effect on him. He testified that he is remorseful, and that he has dedicated himself to obeying the law. The Court believes that the Defendant has the ability to be a law-abiding and productive member of society. The Court also believes that this change in lifestyle for the Defendant must begin now.

Ultimately, the Court finds by clear and convincing evidence that additional conditions may be put in place to ensure that Defendant does not pose a danger to the safety of the community. However, the Court finds that new and more extensive conditions are appropriate in the wake of Defendant's guilty plea and previous violation of his conditions of pretrial release. Therefore, the Court recommends that if Defendant is released pending sentencing, his additional conditions of release include Ms. Miller serving as a third-party custodian; that he not possess a firearm, destructive device or other weapon, refrain from using alcohol; not use or unlawfully possess

narcotics or other controlled substances, unless prescribed; submit to testing for a prohibited substance if required by the USPO; be confined to home detention; comply with all instructions from his supervising probation officer and truthfully answer all inquiries from his probation officer; and reside at 507 Honeycomb Way and not relocate unless granted in permission in advance by the USPO and obtain a home-phone line with no call-forwarding so that the USPO has the means to verify his compliance with home-detention.

## III. CONCLUSION

Therefore, the Court **RECOMMENDS**[3] that Defendant's Motion for Release from Custody on Conditions of Release Pending Sentencing [**Doc. 68 in 3:19-cr-64**] and Amended Motion [**Doc. 69 in 3:19-cr-64 and Doc. 6 in 3:20-cr-14**] be **GRANTED**, and that he be released on the additional conditions detailed above.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).